242 So.2d 236

**Will WINTERS**

**v.**

**CITY OF SHREVEPORT.**

No. 50416.

Dec. 14, 1970.

J. N. Marcantel, John L. Schober, Jr., James Fleet Howell, Shreveport, for defendant-applicant.

Cook, Clark, Egan, Yancey & King, James Robert Jeter, Shreveport, for plaintiff-respondent.

SANDERS, Justice.

This workmen's compensation proceeding raises a single issue, whether statutory penalties and attorney's fees should be assessed against the employer.

After trial, the district court rendered judgment in favor of plaintiff against his employer for workmen's compensation at the rate of $35.00 per week beginning January 1, 1965, for the duration of his disability, not exceeding 400 weeks, with interest at the rate of 5 per cent per annum on each past due installment from its due date until paid and for medical expenses and costs. The court rejected plaintiff's demand for penalties and attorney's fees. The defendant appealed, and plaintiff answered the appeal, pursuing his demand for penalties and attorney's fees. The Court of Appeal reversed the judgment and awarded plaintiff a penalty of 12% of the past due compensation and the sum of $1500.00 for attorney's fees. See 230 So. 2d 866. We granted certiorari to review the award of penalties and attorney's fees. 255 La. 805, 233 So.2d 247.

Plaintiff, a fifty-eight year old man, worked for the City of Shreveport as a handy man in the Civic Center. On December 23, 1963, he slipped and fell while at work and struck his left hip on the edge of the steps. He was bedridden for two days; then, hospitalized with his injury, diagnosed as a contusion to the sciatic nerve. The City continued to pay the plaintiff's salary during his hospitalization, and he returned to work about January 27, 1964. On December 31, 1964, plaintiff allegedly fell from a ladder on the job. Surgery was performed to remove a ruptured intervertebral disc. Plaintiff has been disabled since his surgery.

On May 17, 1965, the plaintiff filed a petition for workmen's compensation asserting that his injury resulted from the ladder-accident on December 31, 1964. In due course, the City filed an answer denying the allegations. Nearly one year later, on May 3, 1966, the plaintiff filed an

amended petition, alternatively alleging that he sustained his injury in the fall at the Civic Center on December 23, 1963, but that it first manifested itself in January of 1965. After trial, the City filed an exception of prescription. The court overruled the exception.

The assessment of penalties and attorney's fees against employers is governed by LSA–R.S. 23:1201.2:

"Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. *Failure to make such payment without sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty,* in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due, and all reasonable attorney's fees for the prosecution and collection of such amount. Any such employer who at any time discontinues payment of claims due and arising under the provi-

sions of this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the penalties set forth above, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply in cases wherein the employer is found liable for penalties and attorney's fees under the provisions of this Section." (Italics ours).

■ Thus, penalties and attorney's fees can be assessed only when the employer has failed to make payments within sixty days after receipt of notice, and such failure is arbitrary, capricious or without probable cause.

The trial court rejected the plea for penalties and attorney's fees, stating:

"Now, in addition the plaintiff claims penalties and attorneys fees, but these claims are rejected, since there was so much confusion about the facts of the injury and the facts in this case, such as, that plaintiff did not tell his employer why he could not come to work on January 3, 1965, and also he claimed a later accident about which this Court has serious doubts, and in fact it was only after a full hearing that it could be established that the injury and disability that manifested itself in 1965 was due to the 1963

accident, so for that reason the claim for penalties and attorneys fees are rejected.

"We do not believe that the denial of workmen's compensation to this plaintiff was arbitrary on the part of the defendant."

The Court of Appeal cast the defendant for penalties and attorney's fees, because it was unable "to adduce from the evidence or from the arguments presented by defendant how the defendant reasonably expected to avoid payment of compensation to the plaintiff." In so holding, we think the court erred.

⬛ A review of the record convinces us that the City was not arbitrary in withholding compensation under the circumstances of this case. After the 1963 accident, the plaintiff returned to work with the approval of his physician and continued to perform his duties until December 31, 1964. The City first learned that the plaintiff alleged a second injury about the middle of January, when it received a call from a hospital representative requesting an accident report. After checking with plaintiff's supervisors and co-workers, the City found no evidence indicating that the plaintiff had been involved in an accident or had been injured while working at the Civic Center on December 31, 1964.

The evidence is insufficient to establish the alleged accident of 1964. Moreover, the medical testimony connecting the injury with the 1963 accident is weakened by the circumstance that the physicians who treated the plaintiff at that time found no ruptured disc and discharged him to return to work. Under these circumstances, it was not unreasonable for the employer to withhold payment and assert its defense in court.

⬛ As we have often held, penalties arise only from an arbitrary and capricious refusal to pay. The penalty-statute furnishes no authority for the assessment of penalties merely because the employer is the unsuccessful litigant. See Tullier v. Ocean Accident and Guarantee Corp., 243 La. 921, 148 So.2d 601; Finley v. Hardware Mutual Insurance Company, 237 La. 214, 110 So.2d 583; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695.

Under the circumstances, we conclude that an assessment of penalties is unwarranted.

For the reasons assigned, the judgment of the Court of Appeal assessing penalties and attorney's fees is reversed, and the judgment of the district court is reinstated and made the judgment of this Court. Costs in this Court and the Court of Appeal are assessed against the defendant.